NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

VALLEYDALE PACKERS, INC., OF
BRISTOL, Respondent.

No. 25584.

United States Court of Appeals
Fifth Circuit.

Nov. 7, 1968.

Rehearing Denied Feb. 26, 1969.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Marjorie S. Gofreed, Atty., NLRB, Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Elliott Moore, Jeffrey G. Spragens, Attys., N.L.R.B., Washington, D. C., for petitioner.

George V. Gardner, Washington, D. C., Asa Ambrister, Nashville, Tenn., for respondent.

Before JOHN R. BROWN, Chief Judge, TUTTLE, Circuit Judge, and FISHER, District Judge.

PER CURIAM:

In this Labor Board proceeding the Board found that (1) the meat cutters union was the exclusive bargaining representative of certain of the Tobin Packing Company's employees; (2) that Valleydale was a "successor" to TPC; and (3) that Valleydale had violated the act by refusing to bargain with the union and by unilaterally changing the terms and conditions of employment of the company's employees represented by the union.

■■ Responding to appellee's first contention, we conclude that the Board's finding that Valleydale was a successor employer to its predecessor is supported by substantial evidence. The crucial question for determining successorship is one of continuity—whether the industry remains essentially the same after the transfer of ownership. See NLRB v. Tempest Shirt Mfg. Co. (5 Cir., 1960), 285 F.2d 1, and NLRB v. Auto Ventshade, Inc. (5 Cir., 1960), 276 F.2d 303.

■ We also conclude that the Board had an adequate basis for finding that the successor-employer did not establish that it had a good faith doubt of the union's majority status. The mere fact that the collective bargaining agreement between the union and the predecessor did not, of itself, bind the successor, does not prevent the Board's considering the existence of this collective bargaining agreement, entered into following a card check of members of the union by the predecessor corporation, as adequate proof of the existence of the union's majority status and the absence of any good faith doubt by the respondent; this is especially true in the absence of any proof of facts that would show that the union no longer represented a majority of the workers, other than some turn-over in employment.

As to the respondent's contention that the order is too broad, we find no specific point which is called to our attention by respondent as to the manner in which it thinks the order should be modified. With the broad authority granted to the Board to fashion an order, we do not, under these circumstances, consider it appropriate to require the entry of what respondent calls the "usual 8(a) (5) bargaining order."

The order will be enforced.